UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRI-PHARMA, INC.,

    Plaintiff,

v.                                                       Case No: 8:20-cv-3083-CEH-TGW

SAFE HARVEST MEDICAL, LLC,
GARRETT MANN, LILLIAN BAY
HOLDINGS, LLC, BRAD BEATTY,
SAFE HARVEST, LLC and LILLIAN
BAY MEDICAL, INC.,

    Defendants.

## ORDER

This cause comes before the Court on Defendant Brad Beatty's Motion for Reversal of Default Judgment (Doc. 173), which Plaintiff Tri-Pharma, Inc., opposes (Doc. 185). Upon review and consideration, the Motion is due to be denied without prejudice.

### A. BACKGROUND

The Clerk of Court entered a default against Defendant Beatty on March 1, 2022 (Doc. 126). Plaintiff had moved for the Clerk's Default after Beatty failed to respond to the Second Amended Complaint within 14 days of service on February 1, 2022. *See* Fed. R. Civ. P. Rule 15(A)(3), 55(a); Doc. 125. On March 4, 2022, Beatty, who is *pro se*, filed a document entitled "Response" to Plaintiff's motion for a clerk's default that contained a request for the Court to deny the motion (Doc. 129). Beatty noted that he

had been unsure of the required deadlines. *Id.* The document also contained a blanket denial of the allegations in the Second Amended Complaint. *Id.* However, by this time the clerk's default had already been entered.

Plaintiff moved for default judgment on April 1, 2022 (Doc. 137). Beatty did not respond to the motion, which remains pending in front of this Court. On May 31, 2022, Plaintiff filed a Third Amended Complaint that did not contain substantive changes with respect to the claims against Beatty.[1]

On June 22, 2022, Beatty filed a Motion for Reversal of Default Judgment, which the Court interprets as a Motion to Set Aside Default pursuant to Rule 55(c), Federal Rules of Civil Procedure (Doc. 173). He filed an Answer to the Third Amended Complaint on the same date (Doc. 172). In Beatty's motion, he "request[s] that] default judgment be reversed and or lifted" pursuant to Rules 55(c),[2] and that he be permitted to submit a response to the Third Amended Complaint (Doc. 173). In response, Defendant argues that the motion should be denied for lack of compliance

---

[1] *See* Fed. R. Civ. P. 5(a) (service on defendant in default is not required unless the pleading asserts new claims for relief against that defendant); *Poitevint v. Dynamic Recovery Servs., Inc.*, No. 3:10-CV-700-HWM-TEM, 2011 WL 201493, at *1 (M.D. Fla. Jan. 20, 2011) (where changes made in an amended complaint are not substantial, "the requirement of Rule 5(a)(2) that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable."); *Progressive Express Ins. Co. v. Faura*, 18-22116-CIV-ALTONAGA/Goodman, 2019 WL 10092521, *2-3 (S.D. Fla. Feb. 4, 2019) (entering default judgment and concluding that the filing of second amended complaint did not impact prior entry of clerk's default, regardless of service, because second amended complaint did not contain substantial changes as to that party). Accordingly, the filing of the Third Amended Complaint did not impact the clerk's default as to Defendant Beatty.

[2] Beatty's motion also cited Rule 54(b), which relates to the relief that may be granted in a default judgment and is therefore inapplicable.

with Local Rule 3.01, Middle District of Florida, and for lack of good cause pursuant to Rule 55(c), Federal Rules of Civil Procedure (Doc. 185).

### B. DISCUSSION

Under Rule 55(c), the Court may set aside an entry of default for good cause. The Eleventh Circuit has held that "good cause" to set aside a default is a liberal standard. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). While it is "not susceptible to a precise formula," some factors to be considered are: "(a) whether the default was culpable or willful, (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense, (d) whether there was significant financial loss to the defaulting party, and (e) whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania*, 88 F.3d at 951).

Rule 3.01, Local Rules of the Middle District of Florida, provides a list of requirements with which all motions that are filed in this District must comply. Rule 3.01(a) requires that every motion include a legal memorandum supporting the movant's request. Local Rule 3.01(g) requires a moving party to confer, or attempt to confer, with their adversary in good faith before filing any motion, and to certify that they have done so. The Local Rules apply equally to all parties who litigate in this

Court, including *pro se* parties.³ *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (*pro se* parties are subject to the relevant law and rules of court).

Here, Beatty's Motion to Set Aside Default fails to provide a memorandum of law that contains citations to relevant legal authority demonstrating why setting aside the Clerk's Default would be appropriate. L.R. 3.01(a) (M.D. Fla. 2021). The Motion also fails to comply with Local Rule 3.01(g)'s requirement of a certificate of a good faith conference with the adverse party. *See BGX E-Health LLC v. Masters*, 6:21-cv-1022-WWB-LRH, 2021 WL 6329799, *1 (M.D. Fla. Aug. 5, 2021) (denying motion to set aside default without prejudice for failure to comply with Local Rule 3.01(a) and 3.01(g)).

Further, the Motion does not contain an explanation or proffer of good cause for Beatty's failure to respond to the Second Amended Complaint by the deadline of February 15, 2022, or his failure to file a motion to set aside the clerk's default at any point during the intervening months. The Motion is therefore due to be denied.

---

³ *Pro se* parties should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, which can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules   The Court encourages *pro se* parties to consult the "Litigants Without Lawyers" guide on the Court's website, located at http://www.fmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Civil forms, including form complaints, are available at the following hyperlink: https://www.flmd.uscourts.gov/forms/all/civil-forms.

Accordingly, it is **ORDERED**:

1. Defendant Brad Beatty's Motion to Set Aside Default (Doc. 173) is **DENIED without prejudice**.

2. Beatty may file an amended motion within **14 days of the date of this Order**. Any renewed motion must correct the deficiencies described in this Order and comply with all applicable Local Rules.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties