UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRI-PHARMA, INC.,

    Plaintiff,

v.                                       Case No: 8:20-cv-3083-CEH-TGW

SAFE HARVEST MEDICAL, LLC,
GARRETT MANN, LILLIAN BAY
HOLDINGS, LLC, BRAD BEATTY,
SAFE HARVEST, LLC and LILLIAN
BAY MEDICAL, INC.,

    Defendants.

_____/

## ORDER

    This cause is before the Court on Plaintiff Tri-Pharma, Inc's Amended Motion to Transfer Case to the Southern District of Texas (Doc. 162) and Plaintiff's Court-Requested Supplemental Filing (Doc. 184). Plaintiff seeks to transfer this action to the Southern District of Texas, McAllen Division. Three of the defendants, Safe Harvest Medical, LLC, Safe Harvest, LLC, and Garrett Mann (collectively, "the Safe Harvest Defendants") do not oppose the transfer. The remaining three defendants, Lillian Bay Holdings, LLC, Lillian Bay Medical, Inc., and Brad Beatty (collectively, "the Lillian Bay Defendants"), indicated to the Plaintiff that they oppose a transfer, Doc. 162 at n.1, 8, but have not responded to the motion and are in default. *See* Doc. 126.

    Upon review of Plaintiff's Amended Motion, the Court requested supplemental briefing on the issue of the Southern District of Texas's personal jurisdiction over the

Lillian Bay Defendants (Doc. 171). Plaintiff complied with this request (Doc. 184). On due consideration, the Court will grant the motion.

## DISCUSSION

Plaintiff alleges that the Lillian Bay Defendants and the Safe Harvest Defendants engaged in a joint venture to act as intermediaries in the sale of protective masks during the COVID-19 pandemic. Doc. 163 ¶¶ 19-25. In April and May 2020, Plaintiff tendered $3.85 million to their designated escrow agents, ultimately authorizing the release of the funds in purported exchange for one million masks. *Id.* ¶¶ 26-32. The contract was subsequently canceled, with Plaintiff receiving neither the masks nor a refund. *Id.* ¶¶ 33-41.

Plaintiff filed the instant action in this District because it is the residence of the Lillian Bay Defendants. Doc 162 at 2. The Safe Harvest Defendants, who reside in Texas, have long asserted that this Court does not have personal jurisdiction over them. *See* Docs. 24, 54, 167, 170. Plaintiff now seeks to transfer the matter to Texas. Doc. 162 at 5.

The statute governing transfer of venue provides, in relevant part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[1] *or*

---

[1] As the Court noted in its June 22, 2022 Order, transfer to a district "where [the action] might have been brought" is only permitted where the receiving court will have personal jurisdiction over all defendants, including any who are in default. *See* Doc. 171 at 2. The Court is not persuaded by Plaintiff's position that the Lillian Bay Defendants' alleged act of directing Plaintiff to send money to a Texas-based account is sufficient to confer specific jurisdiction under Texas law. *See* Doc. 184 at 3-6; *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550,

*to any district or division to which all parties have consented*" 28 U.S.C. § 1404(a) (emphasis added).

The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011) (Covington, J.) (internal quotation marks omitted). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

Here, the Safe Harvest Defendants have joined Plaintiff's motion to transfer venue to the Southern District of Texas. Doc. 162 at n.1, 8. Although the Lillian Bay Defendants have indicated their opposition to Plaintiff's counsel, *see id.*, they are in default and have not filed a response in opposition. The motion is therefore deemed unopposed. *See* L.R. 3.01(c) (M.D. Fla. 2021). As such, the Court finds that all parties have consented to the transfer of this action to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

---

562 (Tex. 2018) (no personal jurisdiction over a defendant who made online bank transfers to a Texas resident and a bank account that was based in Texas). The Court will instead transfer this action under the provision of 28 U.S.C. § 1404(a) governing transfer on consent of the parties.

Accordingly, it is **ORDERED**:

1. Plaintiff's Amended Motion to Change Venue / Transfer Case (Doc. 162) is **granted**. This action is transferred to the Southern District of Texas, McAllen Division.

2. The Clerk is directed to immediately transfer this action to the Southern District of Texas, McAllen Division, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 18, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties